Pa. 316; Aubert's App., 119 Pa. 48; Wilen's App., 105 Pa. 121; Eachus's App., 91 Pa. 105.

PER CURIAM:

This case is ruled by Watson's App., 125 Pa. 340. The trust is a special active trust, and is not affected by the act of May 17, 1871, P. L. 269.

> Decree affirmed, and the appeal dismissed at the costs of the appellant.

---

## ESTATE OF WM. B. HAYS, DECEASED.

APPEAL BY ALLEGHENY N. BANK FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided November 12, 1889.

(a) Where, by a will, certain legacies are bequeathed, the interest thereon payable by a trustee to the testator's grandchildren, to be expended in their education, and the principal to be paid over to them as they severally arrive at the age of 30 years,

1. The estate being solvent, out of the proceeds of a judicial sale of the interest of a residuary legatee, subject to a charge in favor of the estate, the trustee is entitled to interest on the proceeds payable to him, from the date of confirmation of sale to date of actual payment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 175 October Term 1889, Sup. Ct.; court below, No. 121 March Term 1889, O. C.

To March Term 1889, the third account of R. B. Petty, administrator d. b. n. c. t. a. of the estate of Wm. B. Hays, deceased, showing a balance for distribution of $4,602.05, was filed, and having been called for audit and the parties heard, on May 9, 1889, the court, HAWKINS, P. J., filed the following adjudication:

FINDINGS OF FACTS.

The question raised at this audit was whether or not certain legacies bequeathed by Wm. B. Hays had been paid in full.

Adjudication.

The material facts out of which the question was raised are these :

Wm. B. Hays died June 23, 1873, leaving a will by which he gave :

1. His grandchild, George Hays, $5,000, the interest whereof should be expended on said grandchild's education, and the principal paid to him when he should attain 30 years of age.

2. His grandchildren, Mary J. B. Hays and Lida C. Hays, $5,000 each, the interest whereof should be expended on their education, and the principal to be paid to them when they should respectively attain the age of 30 years.

3. His daughter, Sarah J. Herron, the interest of $30,000 during her natural life, and after her decease the interest of same to her children now living, until the youngest child attain the age of 21, at which time the principal should be paid said children.

4. All the rest and residue of his estate, real, personal and mixed, to Wm. B. Hays, Jr., Lida C. Hays, Curtis H. Hays, Maggie Hays and Mary E. Hays.

He also directed that the share of his son, Wm. B. Hays, Jr., in the real estate devised to him, should be charged with the payment by him of testator's capital stock in the firm of Wm. B. Hays & Son, now amounting to about $40,000.

A. H. Miller, Esq., and the said Wm. B. Hays, Jr., were appointed executors and accepted the trust, and were both subsequently discharged. R. B. Petty, Esq., took out letters d. b. n. c. t. a., and W. A. Lewis was appointed trustee for the special legatees.

The estate of Wm. B. Hays was solvent. The personal assets were not set apart for the payment of the special legacies, but were used for other purposes. Several years after his father's death, Wm. B. Hays, Jr., became financially embarrassed and made a voluntary assignment for the benefit of his creditors. In the meantime he had purchased the interest of his brother, Curtis H. Hays, in his father's real estate, subject to a mortgage given by said Curtis in favor of the Allegheny National Bank, and after his voluntary assignment proceedings were instituted on this mortgage in the District Court of the United States and prosecuted to sale. The proceeds of sale, $68,000, were claimed by or on behalf of the estate of Wm. B.

Adjudication.

Hays, deceased, and also on behalf of the Allegheny National Bank. The matter was referred to an auditor, who awarded one ·half of the fund, less costs, $33,511.55, to W. A. Lewis, trustee aforesaid, and one half to the administrator d. b. n. c. t. a. of Wm. B. Hays, deceased, and this finding was approved by the Circuit Court upon exceptions filed on behalf of the Allegheny National Bank. The marshal's sale was confirmed absolutely on August 6, 1881, and the one half of the net proceeds of sale was, in accordance with the said finding, paid said W. A. Lewis, trustee, on August 31, 1882.

1. The question now raised is whether or not W. A. Lewis, trustee, is entitled to collect interest on the proceeds of sale paid him, from the date of confirmation of sale until the date of actual payment. .

2. A second question now raised is whether or not in ascertaining the balance due the said legacies, fees paid counsel by said trustee for services rendered in the matter of the distribution of the proceeds of the marshal's sale should be charged against the estate of Wm. B. Hays, deceased, as costs in the cause.

In the audit of the account of W. A. Lewis, trustee, in which these proceeds were charged, No. 202 June Term 1884, this court found the amount thereof, chargeable to corpus of the legacies, to be $26,446.81 after deducting costs of litigation, interest, etc. It is conceded that in the event of the decision of either of these questions adversely to the Allegheny National Bank, it cannot share in the proceeds of the present fund for distribution.

CONCLUSIONS OF LAW.

The first question is ruled by the principle of Yeatman's App., 102 Pa. 297. The estate out of which the testamentary legacies are payable is solvent. The manifest intention of the testator was that interest should be paid on these legacies continuously, and it could not be paid except upon the basis of an invested corpus set apart for its production. The liens of these legacies were admittedly prior to that of the mortgage of the Allegheny National Bank. That the proceeds were not promptly paid on account of the satisfaction of the former, on confirmation of the sale, was due to the interference of the latter lien creditor, and the bank has therefore no equity to object to the allowance of

interest. On what principle, then, are these legatees to be made to forfeit a substantial part of the bounty which this testator manifestly intended for them? Or, how can their legacies, with the interest thereon, be said to have been paid, before the legatees in fact received the money. True, the sale divested the lien of the legacies from the property sold, but it did not satisfy them. The legacies were intended to be paid as given, and the whole estate was made liable for their satisfaction. The interest was an essential part of the bounty intended in the provision for the education of testator's grandchildren, by which he placed himself to this extent at least in loco parentis, and the provision could not be made effective without it. The satisfaction of these legacies was made the primary object. The residuary devisees could certainly raise no valid objection to their satisfaction in full, and those who claim under them can have no higher nor prior rights.

It was claimed on behalf of the Allegheny National Bank that Yeatman's App., supra, was not in point, because the lien there was not due at the date of the sheriff's sale, and because W. B. Hays, Jr., whose land was sold here, was insolvent.

There is a complete answer to the first of these objections, in the fact that interest was computed in that case beyond the date of the maturity of the debt. But the court makes no reference to the non-maturity of the debt as a basis of decision, but places it upon the ground that the debtor estate was solvent, and the delay in payment was for its convenience. The answer to the second of these objections is, that the right of these legacies turns, not upon the solvency of Wm. B. Hays, Jr., but the solvency of the estate of Wm. B. Hays, deceased, on which the primary liability lies. They are claiming now to enforce their rights in the settlement of the estate of their testator, and not in that of the servient owners of the land charged.

This view renders unnecessary any discussion of the second question raised.

—Thereupon a decree was entered awarding the entire fund, less the office costs, to W. A. Lewis, trustee for J. A. Herron et al., under the will of Wm. B. Hays, deceased.

To the foregoing adjudication and decree the Allegheny N. Bank filed exceptions alleging that the court erred: 1. In award-

ing the entire balance for distribution to W. A. Lewis, trustee.[1] 2, 3. In not awarding to W. A. Lewis, trustee, the sum of $3,167.06, that being the actual balance due on the legacies represented by him, and $1,427.94 to the exceptant.[2]

On June 14, 1889, these exceptions were dismissed by the court in banc, without opinion filed, and the adjudication confirmed. Thereupon the exceptants took this appeal specifying that the court erred:

1, 2. In dismissing the exceptions filed.[1] [2]

3. In holding that the sum of $33,511.55 paid W. A. Lewis, trustee, from the proceeds of the marshal's sale of the real estate of Wm. B. Hays, Jr., should be credited as of the date of payment by the marshal, instead of as of date of confirmation of the judicial sale from which said sum was realized.

4. In calculating the amount to which exceptant was entitled of the fund for distribution, the court should have credited the sum of $33,511.55 received by him from the marshal's sale, as of the date of confirmation of said sale.

*Mr. James Bredin,* for the appellant.

Counsel cited: Ramsey's App., 4 W. 71; Strohecker v. Farmers Bank, 6 W. 96; Walton v. West, 4 Wh. 221; Bachdell's App., 56 Pa. 386; Carver's App., 89 Pa. 276.

*Mr. S. A. McClung,* for the appellee.

Counsel cited: Yeatman's App., 102 Pa. 297; Carlisle v. Barnett, 3 W. & S. 248; Baker v. Exchange Bank, 24 Pa. 391.

PER CURIAM:

This case is sufficiently discussed by the learned judge of the Orphans' Court. We affirm the decree for the reasons which he has given.

> The decree is affirmed and the appeal dismissed at the costs of the appellants.